# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD, | : | |
| Plaintiff | : | |
| | : | No. 1:19-cv-666 |
| v. | : | |
| | : | (Judge Kane) |
| SUPERINTENDENT DEBALSO, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Pro se Plaintiff Walid A. Muhammad ("Plaintiff"), an individual currently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Frackville"), initiated the above-captioned civil action by filing a complaint pursuant to 42 U.S.C. § 1983 on April 18, 2018. (Doc. No. 1.) Plaintiff has also filed motions for leave to proceed in forma pauperis (Doc. Nos. 2, 7), a supplement to his complaint (Doc. No. 9), and a motion for summary judgment (Doc. No. 12). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motions to proceed in forma pauperis, dismiss his complaint with leave to amend, and deny his motion for summary judgment as premature.

## I. BACKGROUND

Plaintiff has named as Defendants in this action Superintendent DeBalso ("DeBalso"), Sgt. Weikel ("Weikel"), Corrections Officer Gibbs ("Gibbs"), Corrections Officer White ("White"), Corrections Officer Wynne ("Wynne"), Corrections Officer Randal ("Randal"), and Corrections Officer Crest ("Crest"). He alleges that from October 28, 2017 through April 11, 2019, Defendants "have the tendency when they come on duty [to] cause defamation of character

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

and conspiracy by maliciously harm[ing his] reputation." (Doc. No. 1 at 5.) He maintains that they "condemn [him] by vicious sadism . . . causing [him] distress and grief by defecating penurious in [his] throat." (Id.) Plaintiff states that he "was injured in [his] head, face blemish and throat because of the internal infest invade, persecute, noisome, wrong, disservice defamation of character to harm [his] reputation." (Id.) He "went to medical and they gave [him] 600 mg of ibuprofen for pain." (Id.) As relief, Plaintiff requests $150,000.00 for his "head, face and throat damages," and $150,000.00 for "defamation of character punitive damages and conspiracy." (Id.)[2]

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail,

---

[2] Plaintiff's supplement to the complaint essentially reiterates these allegations. (Doc. No. 9 at 1.)

prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of respondeat superior. See Santiago, 629 F.3d at 128.

Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

### A. Plaintiff's Complaint

Upon initial screening pursuant to the PLRA, the Court will dismiss Plaintiff's complaint. Quite simply, as drafted, the complaint does not permit the Court to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679). Plaintiff has not provided any facts regarding what actions he believes the Defendants took that violated his rights. Without such a factual basis, the complaint also fails to comply with the requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rather, the complaint "[leaves] the defendants [and the Court] having to guess" at what claims Plaintiff seeks to raise. See Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011).

Plaintiff mentions conspiracy and defamation of character throughout his complaint. In order to demonstrate a civil conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" See

5

Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 400 (3d Cir. 2003). However, "[b]are conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992). The plaintiff's allegations "must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives." See id. Here, the complaint is devoid of any facts suggesting that Defendants entered into an agreement to violate Plaintiff's rights. Moreover, the complaint is devoid of any facts regarding the role each Defendant played in carrying out a conspiracy.

With respect to Plaintiff's defamation claim, defamation is an intentional tort in the Commonwealth of Pennsylvania. See Joseph v. Scranton Times, L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008). "Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, . . . the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. "The Pennsylvania legislature has not chosen to waive this immunity for intentional torts." Wicker v. Shannon, No. 3:CV-09-1629, 2010 WL 3812351, at *9 (M.D. Pa. Sept. 21, 2010) (citing 42 Pa. C.S.A. § 8522). Here, Plaintiff suggests that the Defendants were acting within the scope of their duties when they purportedly defamed him. Moreover, because state corrections officers are protected from intentional tort claims, such as defamation, Plaintiff's defamation claim is not

cognizable under § 1983.  See Miller v. Trometter, No. 4:11-CV-811, 2012 WL 5933015, at *5 (M.D. Pa. Nov. 27, 2012); see also Paul v. Davis, 424 U.S. 693, 701 (1976).

    **B.**    **Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Plaintiff will be permitted leave to amend his complaint.  Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights.  Mere conclusory allegations will not set forth a

7

cognizable claim. The Court will also direct the Clerk of Court to mail Plaintiff a civil rights complaint form to use for filing his amended complaint, which the Court encourages Plaintiff to use.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2, 7), will be granted and Plaintiff's complaint (Doc. No. 1), will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint in conformance with the above. Plaintiff's motion for summary judgment (Doc. No. 12) will be denied as premature. An appropriate Order follows.