IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-666 |
| v. | : | |
| | : | (Judge Kane) |
| SUPERINTENDENT DEBALSO, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is pro se Plaintiff Walid A. Muhammad ("Plaintiff")'s amended complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 18.) For the reasons set forth below, the Court will dismiss the amended complaint without further leave to amend and direct the Clerk of Court to close the above-captioned action.

## I. BACKGROUND

On April 18, 2019, Plaintiff, who is presently confined at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Superintendent DeBalso ("DeBalso"), Sgt. Weikel ("Weikel"), Corrections Officer Gibbs ("Gibbs"), Corrections Officer White ("White"), Corrections Officer Wynne ("Wynne"), Corrections Officer Randal ("Randal"), and Corrections Officer Crest ("Crest"). He alleged that from October 28, 2017 through April 11, 2019, Defendants "have the tendency when they come on duty [to] cause defamation of character and conspiracy by maliciously harm[ing his] reputation." (Doc. No. 1 at 5.) He maintained that they "condemn [him] by vicious sadism . . . causing [him] distress and grief by defecating penurious in [his] throat." (Id.) Plaintiff stated that he "was injured in [his] head, face blemish and throat because of the internal infest invade, persecute, noisome, wrong, disservice defamation of character to harm [his] reputation." (Id.) He "went to medical and they

gave [him] 600 mg of ibuprofen for pain." (Id.)  As relief, Plaintiff requested $150,000.00 for his "head, face and throat damages," and $150,000.00 for "defamation of character punitive damages and conspiracy." (Id.)

Prior to the Court's screening of the complaint, Plaintiff filed a supplement that essentially reiterated his allegations (Doc. No. 9), as well as a motion for summary judgment (Doc. No. 12) and brief in support (Doc. No. 13).  In a Memorandum and Order dated May 20, 2019, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed his complaint without prejudice to Plaintiff's right to file an amended complaint.  (Doc. Nos. 16, 17.)  The Court concluded that: (1) Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) the complaint was devoid of facts plausibly suggesting that the Defendants engaged in a civil conspiracy to violate his constitutional rights; (3) Defendants were entitled to immunity under Pennsylvania law from Plaintiff's defamation claim; and (4) Plaintiff's defamation claim was not cognizable under § 1983.  (Doc. No. 16.)  The Court directed Plaintiff to file an amended complaint within thirty (30) days.  (Doc. No. 17.)

The Court received Plaintiff's amended complaint on June 3, 2019.  (Doc. No. 18.)  Plaintiff has again named DeBalso, Weikel, Gibbs, White, Wynne, Randal, and Crest as Defendants, and has also included Corrections Officer Baldwin ("Baldwin") as a Defendant.  (Id. at 1.)  Plaintiff maintains that from October 28, 2017 until the present, Defendants "have the tendency when they come on duty [to] cause [him] 'mental cruelty[,] mental abuse[,] and deliberate indifference' by demonic possession commotion." (Id. at 2-3.)  He alleges that their "misrepresentations [are] maliciously calculated to harm [his] reputation" and that they "condemn [him] with sadism causing [him] grief and distress defecating and penurious in [his] throat causing [him] pain and suffering by way of stealthy, underhand, surreptitious, clandestine,

connive, covert, conspire image-apparition internal inside [his] head, face and throat." (Id. at 3.)[1] As relief, Plaintiff seeks $500,000.00 in compensatory and punitive damages. (Id.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be

---

[1] Since Plaintiff filed his amended complaint, he has submitted several documents to the Court, including a supplement (Doc. No. 19), a document tilted "summary judgment—material facts" (Doc. No. 20), a document titled "briefs—summary judgment" (Doc. No. 21), and an affidavit (Doc. No. 22). These documents essentially reiterate the allegations asserted in the amended complaint.

3

granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6)

motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

**B.    Claims Filed Pursuant to 42 U.S.C. § 1983**

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of respondeat superior. See Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a

5

supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

Upon review of Plaintiff's amended complaint, the Court concludes that it is both frivolous and fails to state a claim upon which relief can be granted. As noted above, Plaintiff suggests that Defendants have harmed him by demonically possessing him. (Doc. No. 18 at 3.) Quite simply, Plaintiff's belief that Defendants have harmed him in this manner is a "fantastical and delusional scenario[]." See McLean v. Caldwell Mem. Hosp., No. 5:15-CV-100, 2015 WL 12914384, at *1 (W.D.N.C. Aug. 18, 2015) (dismissing as frivolous pro se plaintiff's claims of, inter alia, demonic possession).

Plaintiff's amended complaint maintains that Defendants verbally harassed him and again suggests that they defamed his character. (Doc. No. 1 at 3.) However, to the extent Plaintiff alleges that Defendants verbally harassed him, his amended complaint fails to set forth a viable claim. See Smith v. United States, No. 4:cv-07-1079, 2007 WL 4270602, at *16 (M.D. Pa. Aug. 3, 2007) (holding that verbal harassment without physical contact does not state an Eighth Amendment claim). Moreover, as the Court previously informed Plaintiff, defamation is an intentional tort in the Commonwealth of Pennsylvania. See Joseph v. Scranton Times, L.P., 959 A.2d 322, 334 (Pa. Super. Ct. 2008). "Pursuant to section 11 of Article 1 of the Constitution of

Pennsylvania, . . . the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. "The Pennsylvania legislature has not chosen to waive this immunity for intentional torts." Wicker v. Shannon, No. 3:CV-09-1629, 2010 WL 3812351, at *9 (M.D. Pa. Sept. 21, 2010) (citing 42 Pa. C.S.A. § 8522). Here, Plaintiff suggests that the Defendants were acting within the scope of their duties when they purportedly defamed him. Moreover, because state corrections officers are protected from intentional tort claims, such as defamation, Plaintiff's defamation claim is not cognizable under § 1983. See Miller v. Trometter, No. 4:11-CV-811, 2012 WL 5933015, at *5 (M.D. Pa. Nov. 27, 2012); see also Paul v. Davis, 424 U.S. 693, 701 (1976).

Further, Plaintiff has not suffered any physical injury as a result of Defendants' alleged misrepresentations. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." See 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted). To prevail on a claim for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate a physical injury that is less than significant, but more than de minimis. See 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003). Here, the allegations within Plaintiff's amended complaint fail to demonstrate either a physical injury

7

resulting from Defendants' alleged misrepresentations or a "sexual act" under 18 U.S.C. § 2246(2). Even if Plaintiff stated a constitutional violation, he is unable to recover compensatory damages because the amended complaint fails to suggest that he suffered a physical injury that was "an observable or diagnosable medical condition requiring treatment by a medical care professional." See Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016) (citing In re Bayside Prison Litig., No. 09-2365, 2010 WL 4916716, at *3 (D.N.J. Nov. 23, 2010)).

Accordingly, Plaintiff's amended complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. Because the Court finds that any amendment would be futile, Plaintiff will not be permitted to file a second amended complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (providing that the futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (Doc. No. 18) will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. Plaintiff will not be afforded further leave to amend. An appropriate Order follows.